## In re GERMANTOWN ALMEGUM MFG. CO.

### (District Court, E. D. Pennsylvania. June 7, 1918.)

### No. 5702.

BANKRUPTCY ⬥172—TRUSTEE—RIGHTS OF PLEDGEES.

A second pledge of crude rubber, which the owner had stored with an independent warehouseman, is valid as against the trustee in bankruptcy of the owner, the original pledgee and warehouseman having been notified of the pledge, for the owner had at least a right of redemption and a paper assignment of a chose in action, without other delivery than of itself, and without notice to the one in possession of what is transferred, passes good title against a trustee in bankruptcy.

In Bankruptcy. In the matter of the bankruptcy of the Germantown Almegum Manufacturing Company. Sur certificate of referee upon petition for review of an order allowing the claim of the Pelham Trust Company. Petition dismissed.

Percival H. Granger and Reber & Granger, all of Philadelphia, Pa., for petitioner.

John C. Gilpin, of Philadelphia, Pa., for claimant.

DICKINSON, District Judge. The questions which are or may be involved in this review may be thus formulated: The general question is that of what, if any, rights were secured by the Pelham Trust Company by and under a pledge which the trust company claims to have been given to it of the property of the bankrupt to secure a loan or advances of moneys.

1. One question is the power and authority of the individual who made the claimed pledge as the official representative of the bankrupt to make it. The referee deemed this to be the important question in the cause. He found in favor of the pledgee, and the point is not now pressed.

2. Another question raised was the fact of the pledge having been made. The referee found the fact in favor of the pledgee, and the petitioner does not press for a reversal of this finding.

3. The third, and, as the petitioner regards it, the now controlling, question, is the validity of this pledge as against execution creditors, or, as the petitioner prefers to have the question stated, whether as against execution creditors (or a trustee in bankruptcy) an owner of chattels who has pledged them (delivery of possession accompanying the pledge and the pledgee being in possession) can repledge them to another; the second pledge being accompanied with no delivery other than that of the delivery of the assignment and notice thereof to the person in possession.

To make clear just how this third question arises, and the sub-questions which are involved, an outline statement of the general facts may be of help. In making this we ignore all controversies not now urged.

In the regular course of its business the bankrupt had bought crude rubber. This, for the purpose of being used as collateral, was put

on storage in the Rex Warehouse, an independent depository, and was pledged to the Philadelphia Warehouse Company for advances made. The rights of the Warehouse Company are not in question. The present controversy is over the proceeds of sale in excess of the part which was awarded to this first pledgee. The bankrupt then applied to the Pelham Trust Company for a loan or advances, offering as security whatever value there was in rubber over and above the debt due the Warehouse Company. The trust company agreed to make the advances, and received a paper, which recited the fact of the rubber being on storage with the Rex Company, described its character, quantity, and value, and further set forth, "All of our right, title, and interest to and in this rubber is assigned to Pelham Trust Company as further protection and security," etc., and added authority in the pledgee to have the goods insured for the pledgee's benefit. The assignment was delivered, and knowledge of it conveyed to the storage company and first pledgee. There is no specific finding by the referee of this latter fact. It is stated upon the authority of uncontradicted statements made during the argument.

If we have grasped the thought advanced by counsel for the petitioner, it is that, the bankrupt having by the pledge first made of this rubber put it out of its power to deliver the rubber to the second pledgee, the second pledge is void. This is based upon the familiar proposition that an attempted transfer of property by one afterwards adjudged a bankrupt is void as against his trustee, unless the transfer was accompanied by delivery.

The argument addressed to us does not compel acceptance of the conclusion stated. The only delivery required is that of which the subject-matter of the transfer is in its nature capable. By the first pledge the bankrupt undoubtedly parted with possession. After that, it is further true, the only transfer of possession it could make was a symbolic one, or one which was the practical equivalent of actual physical delivery. It still had, however, a right of property, and incident to that would seem to be the right of transfer. The first transfer passed the legal title and right of possession (together with actual possession) to the pledgee. Thereafter the pledgor had neither possession nor (as matters then stood) the right to possession. It did, however, retain a right of property which involved the right to reclaim the property, reinvest the title in itself, and retake possession upon redemption of the pledge. Whether after the pledge made it was still sub modo owner (subject to the pledge), or whether the character of its property had changed, so that it had only what might be termed a chose in action would seem to be of no importance.

It has been settled in this state that an assignment of choses in action, without other delivery than that involved in the act of transfer, is good as against foreign attachments and attachments in execution. The argument has not been accepted that this is because foreign attachments and attachments in execution are each original and not execution process, their nature and purpose being merely to hold the property until after judgment, so that execution may be effective, and it has been held in this circuit that the mere paper assignment of a

chose in action without other delivery than of itself, and without notice to the one in possession of what is transferred, passes a good title against a trustee in bankruptcy. It is therefore unimportant whether notice was given to the depositary of the property or not. Phillips Estate (3) 205 Pa. 515, 55 Atl. 213, 66 L. R. A. 760, 97 Am. St. Rep. 746; In re Hawley Co., 238 Fed. 122, 151 C. C. A. 198.

If the proposition, which we understand to be the real one, on which the petitioner stands, were one open to discussion, the argument in support of it would be one of interest. It is the resultant of the sub-propositions that (1) a paper assignment is good against the assignor; (2) it is good against the plaintiff in foreign attachment, or an attachment in execution, because neither is execution process, and the plaintiff steps only into the shoes of the defendant, but is not good against execution creditors or a trustee in bankruptcy (who is an execution creditor), unless there was a change of possession or its equivalent in such delivery as that of which the nature of the subject-matter permitted, and that there could be in cases of symbolic delivery notice to the person in possession.

We do not regard the question, however, as longer an open one, and approve the findings made by the referee, confirm the order made, and dismiss the petition for review.